LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff and FLSA Collective Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

IBRAHIM LAMOUDI,
*on behalf of himself and FLSA Collective Plaintiffs,*

         Plaintiff,

    v.

WESTCHESTER AVENUE CW & LUBE, INC.
and NICHOLAS ARAKAS,

         Defendants.

---

Case No.:

**CLASS AND COLLECTIVE**
**ACTION COMPLAINT**

**Jury Trial Demanded**

Plaintiff, IBRAHIM LAMOUDI, (hereinafter, "Plaintiff"), on behalf of himself and

FLSA Collective Plaintiffs, by and through his undersigned attorney, hereby files this Complaint

against Defendants, WESTCHESTER AVENUE CW & LUBE, INC. and NICHOLAS

ARAKAS (each individually, "Defendant" or, collectively, "Defendants"), and states as follows:

1

## INTRODUCTION

1.  Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he and FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid wages due to time-shaving and impermissible rounding, (3) unpaid wages due to Defendants' failure to explain and pay commission, (4) liquidated damages and (5) attorneys' fees and costs.

2.  Plaintiff further alleges that, pursuant to the New York Labor Law, he and FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid wages due to time-shaving and impermissible rounding, (3) unpaid wages due to Defendants' failure to explain and pay commission, (4) unpaid "spread of hours" premium, (5) liquidated damages and statutory penalties and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over state law claims of Plaintiff and FLSA Collective Plaintiffs pursuant to 28 U.S.C. §1367.

4.  Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5.  Plaintiff, IBRAHIM LAMOUDI, is a resident of Bronx County, New York.

6.  Upon information and belief, Defendant, WESTCHESTER AVENUE CW & LUBE INC., is a domestic business corporation organized under the laws of New York, with a principal place of business and an address for service of process located at 1440 Westchester Avenue, Bronx, New York 10472.

2

7.  Upon information and belief, Defendant, NICHOLAS ARAKAS, is the Chairman or Chief Executive Officer of Defendant, WESTCHESTER AVENUE CW & LUBE INC. NICHOLAS ARAKAS exercised control over the terms and conditions of Plaintiff's employment and those of FLSA Collective Plaintiffs. With respect to Plaintiff and other FLSA Collective Plaintiffs, he exercised his power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment.

8.  At all relevant times, the work performed by Plaintiff and FLSA Collective Plaintiffs was directly essential to the business operated by Defendants.

9.  Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

10. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

11. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff brings claims for relief as a collective action pursuant to FLSA §16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including, but not limited to oil

changers, car washers and lube technicians) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

13. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them (i) unpaid wages due to time-shaving and impermissible rounding, (ii) unpaid wages due to Defendants' failure to explain and pay commission, and (iii) overtime compensation at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

14. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to FLSA §16(b), 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

15. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons (including, but not limited to, oil changers, car washers and lube technicians) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

16. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of the Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

17. The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

18. Plaintiff's claims are typical of those clams that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants of (i) failing to pay overtime compensation for hours worked in excess of forty (40) per workweek, (ii) failing to pay for off-the clock wages due to time-shaving and impermissible rounding, (iii) failing to pay "spread of hours" premium, (iv) failing to explain and pay commission and (v) failing to provide proper wage notice and wage statements to employees. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

19. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

20. A class action is superior to other available methods for a fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the

Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

21. Defendants and the other employers throughout the state violate with New York Labor Law. Current employees are often afraid to assert their rights out of fear or direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

22. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a. Whether Defendants employed Plaintiffs and the Class within the meaning of the New York Law;

   b. What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the type of work and labor for which Defendants did not pay the Class members properly;

   c. At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the Class members for their work;

   d. Whether Defendant properly notified Plaintiffs and the Class members of their hourly rate and overtime rate;

   e. Whether Defendant provided to Plaintiffs and Class members proper wage and hour notice, at date of hiring and annually, per requirements of the New York Labor Law;

f.   Whether Defendant provided to Plaintiffs and Class members proper wage statements with each payment of wages as required by New York Labor Law;

g.   Whether Defendant properly compensated Plaintiffs and Class members for overtime under state and federal law;

h.   Whether Defendant properly compensated Plaintiffs and Class members for off-the-clock work due to time-shaving under state and federal law;

i.   Whether Defendants paid the "spread of hours" premium owed to employees working more than ten (10) hours per day as required by New York Labor Law;

j.   Whether Defendants caused time-shaving on hours worked by Plaintiff and Class members each workday due to impermissible rounding; and

k.   Whether Defendants failed to explain and pay Defendants and Class members commission.

## STATEMENT OF FACTS

23. On or about June 10, 2014, Plaintiff IBRAHIM LAMOUDI, was hired by Defendants and/or their predecessors, as applicable, to work as an oil changer, car washer and lube technician for Defendants' car wash business located at 1440 Westchester Avenue, Bronx, New York 10472.

24. Plaintiff IBRAHIM LAMOUDI worked for Defendants until on or about September 18, 2017.

25. During his employment with Defendants, Plaintiff IBRAHIM LAMOUDI worked over forty (40) hours per week and over ten (10) hours per day.

26. Specifically, throughout his employment with Defendants, Plaintiff IBRAHIM LAMOUDI worked six (6) days a week with the following schedule: Tuesdays, Fridays,

8

Saturdays and Sundays, 7:00 a.m. to 5:00 p.m., Wednesdays, 9:00 a.m. to 6:00 p.m. and Thursdays, 9:00 a.m. to 7:00 p.m., for a total of fifty-nine (59) hours per workweek.

27. Throughout his employment with Defendants, Plaintiff was always paid the minimum wage. Specifically, from in or about June 2014 to December 2014, Plaintiff was paid $8.00 per hour for all hours worked; from January 2015 to December 2015, Plaintiff was paid $8.75 per hour for all hours worked; from January 2016 to December 2016, Plaintiff was paid $9.00 per hour for all hours worked; and from January 2017 to September 2017, Plaintiff was paid $11.00 per hour for all hours worked.

28. Additionally, while Defendants promised Plaintiff, FLSA Collective Plaintiffs and Class members commission for specific tasks, payments were never explained nor how much of the compensation paid were comprised of commission payments.

29. From the start of his employment to in or about February 2015, Defendants paid Plaintiff in check for all hours worked. From in or about February 2015 until the end of his employment, Defendants paid Plaintiff only forty (40) hours in check and the remaining hours in cash. Defendants paid Plaintiff, FLSA Collective Plaintiffs and Class members their overtime compensation, in cash, on a straight-time basis without any overtime premium. .

30. Defendants impermissibly rounded the working hours (down to the nearest whole hour) of Plaintiff, FLSA Collective Plaintiffs and Class members on a daily basis. The time records of all non-exempt employees do not accurately reflect their actual working hours.

31. Defendants agreed to pay commission to Plaintiff, FLSA Collective Plaintiffs and Class members but no commission structure was ever explained although Plaintiff believes they were entitled to receive twenty (20) percent of every job they performed.

32. Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiff and other non-exempt employees.

33. Defendants knowingly and willfully operated their business with a policy of time-shaving due to impermissible rounding down to the nearest whole hour for Plaintiff and Class members.

34. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiff and other non-exempt employees, in violation of the New York Labor Law.

35. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiff and other non-exempt employees at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

36. Defendants knowingly and willfully operated their business with a policy of failing to explain or pay commission.

37. Plaintiff retained Lee Litigation Group, PLLC to represent him and other employees similarly situated in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

38. Plaintiff realleges and reavers Paragraphs 1 through 36 of this Complaint as if fully set forth herein.

39. At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce

within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).  Further, Plaintiff is a covered

individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

40. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

41. Upon information and belief, at all relevant times, Defendant, WESTCHESTER

AVENUE CW & LUBE INC., had gross revenues in excess of $500,000.

42. At all relevant times, the Defendants had a policy and practice of refusing to pay

overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective

Plaintiffs for their hours worked in excess of forty (40) hours per workweek due to time-shaving

and impermissible rounding.

43. Defendants failed to pay Plaintiff and FLSA Collective Plaintiffs overtime

compensation in the lawful amount for hours worked in excess of the maximum hours provided

for in the FLSA.

44. Defendants failed to pay Plaintiff and FLSA Collective Plaintiffs unpaid wages due to

time-shaving and impermissible rounding.

45. Defendants failed to pay Plaintiff and FLSA Collective Plaintiffs unpaid wages due to

Defendants' failure to explain and pay commission.

46. Records, if any, concerning the number of hours worked by Plaintiff and FLSA

Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs

are in the possession and custody of the Defendants. Plaintiff and FLSA Collective Plaintiffs

intend to obtain these records by appropriate discovery proceedings to be taken promptly in this

case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the

precise amount due.

47. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

48. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

49. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

50. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff suffered damages due to Defendants' failure to pay overtime compensation, unpaid wages due to time-shaving and impermissible rounding, unpaid wages due to Defendants' failure to explain and pay commission, plus an equal amount as liquidated damages.

51. Plaintiff is entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

52. Plaintiff realleges and reavers Paragraphs 1 through 48 of this Complaint as if fully set forth herein.

53. At all relevant times, Plaintiff was employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

54. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

55. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff minimum wages in the lawful amount for hours worked due to a policy of time-shaving and impermissible rounding.

56. Defendants willfully violated Plaintiff's rights by failing to pay "spread of hours" premium to Plaintiff for each workday that exceeded ten (10) or more hours.

57. Defendants willfully violated Plaintiff's rights by failing to explain and pay commission.

58. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiff and other non-exempt employees, in violation of the New York Labor Law.

59. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiff and other non-exempt employees at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

60. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid overtime, unpaid wages due to time-shaving and impermissible rounding, unpaid "spread of hours" premium, statutory penalties, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself and FLSA Collective Plaintiffs, respectfully requests that this Court grant the following relief:

    a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

13

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d. An award of unpaid wages due as a result of time-shaving and impermissible rounding under the FLSA and the New York Labor Law;

e. An award of unpaid "spread of hours" premium due under the New York Labor Law;

f. An award of unpaid wages due to Defendants' failure to explain and pay commission;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and minimum wages pursuant to 29 U.S.C. § 216;

h. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay wages due as a result of time-shaving and impermissible rounding under the New York Labor Law;

i. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to explain and pay commission;

j. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay "spread of hours" premium pursuant to the New York Labor Law;

k. An award of statutory penalties, and prejudgment and post judgment interest;

l.   An award of costs and expenses of this action together with reasonable attorneys'
     and expert fees; and

m.   Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: January 2, 2018

New York, New York

Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff and FLSA Collective Plaintiffs*

By: _____*/s/ C.K. Lee*_____
        C.K. Lee, Esq. (CL 4086)